ORIGINAL

FILED

10 SEP 21 PM 12: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  Howard W. Rubinstein (Fla. SBN: 104108)
2  howardr@pdq.net
3  Attorney at Law
4  P.O. Box 4839
5  Aspen, Colorado 81612
6  (832) 715-2788 · (561) 688-0630 (f)
   (To apply for admission pro hac vice)
7
8  Harold M. Hewell (Cal. SBN: 171210)
9  hmhewell@hewell-lawfirm.com
10 HEWELL LAW FIRM
11 105 West F Street, Suite 213
   San Diego, California 92101
12 (619) 235-6854 · (888) 298-0177 (f)
13
14 Attorneys for Plaintiff
15
16           UNITED STATES DISTRICT COURT
17          CENTRAL DISTRICT OF CALIFORNIA
18 SEANN P. COURTNEY,              :  Civil No. SACV-1427-JST (SSx)
19 individually, and on behalf of all  :
20 others similarly situated,       :  COMPLAINT FOR
                                   :  EQUITABLE RELIEF AND
21     Plaintiff,                  :  DAMAGES
                                   :
22 vs.                             :  Class Action
                                   :  Jury Trial Requested
23 WELCH FOODS INC., A             :
24 COOPERATIVE , a Michigan        :
25 corporation and agricultural    :
   cooperative; and DOES 1 through :
26 10, inclusive,                  :
27                                 :
28     Defendants.                 :

BY FAX

Plaintiff, by and through counsel, files this Complaint individually and on behalf of all others similarly situated, and alleges against Defendant as set forth below.

## I. VENUE AND JURISDICTION

1.      This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

2.      Plaintiff alleges that the total claims of the individual members of the plaintiff class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

3.      As set forth below, Plaintiff is a citizen of California, and Defendant can be considered a citizen of either Michigan or Massachusetts. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A).

4.      Furthermore, Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed plaintiff class in the aggregate are citizens of a state other than California where this action is originally being filed, and that the total number of members of the proposed plaintiff class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

5.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff purchased the subject product of this action in this judicial district.

6.      Additionally, on September 13, 2010, after a trial before the

Honorable A. Howard Matz of this Judicial District, a jury rendered its verdict in a related case, styled as *Pom Wonderful LLC v. Welch Foods, Inc. et al.,* No. 2:09-cv-00567-AHM-AGR ("Pom Case").

7.    The Declaration of Harold M. Hewell, Pursuant to Civil Code §1780(c) of the Consumer Legal Remedies Act, Civil Code §§1750 et seq., regarding venue under California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq., is submitted herewith and is incorporated herein by reference.

## II. PARTIES

8.    Plaintiff, Seann P. Courtney, is an individual who is a citizen of the State of California, and resides in Orange County, California. Plaintiff respectfully requests a jury trial on damage claims.

9.    Defendant Welch Foods Inc., A Cooperative ("Welch"), is an agricultural cooperative and a corporation organized and existing under the laws of the State of Michigan, with headquarters located at Welch Foods Inc., 575 Virginia Road, 3 Concord Farms, Concord, Massachusetts 01742. Welch lists with the Michigan Secretary of State a registered agent for service of process by the name of The Corporation Company, located at 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

10.    Welch produces Welch's juices and jellies as the operating subsidiary of the approximately 1,200-member National Grape Cooperative Association, Inc., which has its headquarters at 2 S. Portage Street, Westfield, New York 14787.

11.    Welch conducts business in California and this Judicial District by marketing, advertising, distributing and selling its food products to California consumers, including those within this Judicial District.

## III. GENERAL ALLEGATIONS

12.    Plaintiff alleges on information and belief that at all times relevant

herein, Defendant and its employees, subsidiaries, affiliates, and other related entities, were the agents, servants and employees of each other, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

13.    Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who deliver and sell the Product also were Defendant's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

14.    The true names and capacities of defendants Does 1 through 10 inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a Doe is responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby as hereinafter alleged.

15.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the remaining defendants and, at all times herein mentioned, each was acting within the purpose and scope of said agency and employment.

16.    Plaintiffs is further informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants' employees was the agent, servant and employee of each employee's respective employer and, at all times herein mentioned, each employee was acting within the purpose and scope of said agency and employment.

17.    Whenever reference in this Complaint is made to any act or transaction of the Defendant, such allegation shall be deemed to mean that

the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

18.   All allegations herein are based on information and belief and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

## IV. FACTUAL ALLEGATIONS

19.   This is an action seeking redress for representations made by Welch regarding its 100% Juice Welch's White Grape Pomegranate beverage ("Product").

20.   Welch markets and sells various bottled juice products under the Welch brand name.

21.   In or around 2007, Welch announced the addition of the Product to its line of juices. The Product is marketed, advertised, and sold throughout California and the United States.

22.   The jury in the Pom Case considered Welch's liability as alleged in that case and found that:

⬦   the name, label, packaging or advertising of the Product was, although literally true, nevertheless deceptive or had a tendency to deceive a substantial number of actual consumers; and that

⬦   Welch intended the Product's name, label, packaging or advertising to deceive consumers.

A true and correct copy of the redacted Special Verdict Form No. 1: Liability ("Verdict Form"),[1] is attached hereto as Exhibit "A" and incorporated by

---

[1] https://ecf.cacd.uscourts.gov/doc1/031110874555, retrieved from PACER on September 21, 2010.

reference.

23.    A true and correct copy of the Principal Display Panel ("PDP") from the Product's packaging is reproduced below.



24.    The Product has been marketed, advertised, labeled and sold by Welch based on the representation that the Product is 100% juice, and that the primary ingredients in the Product are pomegranate juice and white grape juice, when, in fact, the primary ingredients are actually apple juice and white grape juice.

25.    To illustrate, each 64-ounce bottle of the Product contains more than 63 ounces of comparatively inexpensive apple and white grape filler juices, as well as color and flavor enhancers; less than one of the 64-ounces contained therein is actually pomegranate juice.

26.     Nevertheless, Welch sold the Product with a PDP containing multiple misleading elements. These include a prominent depiction of pomegranates on the PDP, despite the fact that the Product's predominant ingredients are white grape and apple juice. Additionally, Welch superimposed the statement, "White Grape Pomegranate," over the depiction of pomegranates on the PDP.

27.     As the Pom Case jury found, such labeling, packaging or advertising was "deceptive or had a tendency to deceive a substantial number of actual consumers[,]"[2] and "that Defendant intended the name, label, packaging or advertising to deceive consumers… ."[3]

28.     Since white grape and apple juice are significantly less expensive than pure pomegranate juice, Welch was able to produce the Product at a cost far below that it would have incurred had the Product been predominantly pomegranate juice. Nevertheless, as a result of the misleading representations detailed above, Welch was able to charge a price premium for the Product over other juices containing similar amounts of white grape and/or apple juice.

29.     Given the foregoing, Plaintiff contends that he has been misled by Defendant's labeling claims into purchasing and paying for a product that was not what it was represented to be, and that he has, as a direct result, suffered actual damages in that he has been deprived of the benefit of his bargain and has spent money purchasing the Product at a price premium when the Product actually had less value than was reflected in that price he paid for it.

30.     Plaintiff has purchased the Product at least twice, including a

---

[2] See response to "Question 1" on the Verdict Form (Ex. "A," 2:1-4).

[3] See response to "Question 2" on the Verdict Form (Ex. "A," 2:10-13).

purchase from Stater Bros. Markets (Store 124), located at 24336 El Toro Road, Laguna Woods, Orange County, California 92637-2775. In doing so, Plaintiff saw and relied on the above-cited labeling representations; those representations were material to his decisions to purchase and consume the Product.

31.     Plaintiff's reliance was reasonable, given Defendant's reputation as a reliable and trustworthy company.

## V. CLASS ALLEGATIONS

32.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

33.     Pursuant to California Civil Code §1781, California Code of Civil Procedure §382, and Federal Rule of Civil Procedure ("FRCP") 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of all persons who have purchased the Product for personal use during the Class Period ("Class"). The Class Period is defined as the period extending from the date Defendant first used the labeling representations on the Product described above, through and to the filing date of this Complaint.

34.     Defendants' practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the California statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class. All members of the putative Class were and are similarly affected by the deceptive labeling of the Product, and the relief sought herein is for the benefit of Plaintiff and members of the putative Class.

35.     Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class is so numerous that joinder of all members would be impractical. Based on the annual sales of the Product and the popularity of

the Product, it is apparent that the number of consumers of the Product would be so large as to make joinder impossible.

36.     Questions of law and fact common to the Plaintiff Class exist that predominate over questions affecting only individual members, including, inter alia:

(a)   Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.;

(b)   Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.;

(c)   Whether Defendant's conduct related to the marketing, labeling and sales of the Product breached express warranties with regard to the Product;

(d)   Whether Defendant violated California's CLRA with its practices and representations related to the marketing, labeling and sales of the Product within California; and

(e)   Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

37.     The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class, as the claims arise from the same course of conduct by Defendant, and the relief sought is common.

38.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class. Plaintiff has retained counsel

competent and experienced in both consumer protection and class action litigation.

39.    Certification of this class action is appropriate under California Civil Code §1781, California Code of Civil Procedure §382, and FRCP 23 because the questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members.

40.    This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims. Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

41.    Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate the relief sought on behalf of the Class as a whole. Further, given the large number of consumers of the Product, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

42.    A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

43.    The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the

management of this class action.

## VI. FIRST CAUSE OF ACTION:

## VIOLATIONS OF BUS & PROF. CODE § 17200 ET SEQ.

44.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

45.     This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to Cal. Bus. & Prof. Code § 17200 et seq., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

46.     Plaintiff alleges on information and belief that Defendant committed unfair business acts and/or practices. The utility of Defendant's practices related to the deceptive labeling of the Product is negligible, if any, when weighed against the harm to the general public, Plaintiff and Members of the Class.

47.     The harmful impact upon members of the general public and the Class who purchased and used the Product outweighs any reasons or justifications by Defendant for the deceptive labeling practices employed to sell the Product as described herein.

48.     Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive labeling of the Product, as set forth above. The use of such unfair business acts and practices was and is under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendant's marketing, advertising and labeling of the Product.

49.     Defendant committed a deceptive act or practice by making the

labeling representations set forth in detail above. These deceptive acts and practices had a capacity, tendency, and/or were likely to deceive or confuse reasonable consumers.

50.   Defendant also committed an unlawful business practice by violating the FAL and CLRA as set forth in detail below. These violations serve as predicate violations of this prong of the UCL.

51.   As a purchaser and consumer of Defendant's Product, and as a member of the general public in California who purchased and used the Product, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL.

52.   Defendant's labeling practices, as set forth above, were intended to promote the sale of the Product and constitute unfair, deceptive and/or unlawful business practices within the meaning of California Bus. & Prof. Code § 17200 et seq.

53.   Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, on behalf of himself and members of the general public, seeks an order of this Court requiring Defendant to restore to consumers of the Product all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices.

54.   Plaintiff and members of the Class will be denied an effective and complete remedy in the absence of such an order.

55.   As a result of Defendant's violations of the UCL, Plaintiff and Class members are entitled to restitution for out-of-pocket expenses and economic harm.

56.   Pursuant to Civil Code § 3287(a), Plaintiff and members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

57.   The amount of damages suffered as a result is a sum certain and

capable of calculation, and Plaintiff and members of the Class are entitled to interest in an amount according to proof.

### VII. SECOND CAUSE OF ACTION:

### VIOLATIONS OF BUS. & PROF. CODE §17500 ET SEQ.

58.   Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

59.   In violation of California Bus. & Prof. Code §17500, Defendant disseminated, or caused to be disseminated, the deceptive Product labeling (advertising) representations described in detail above.

60.   Defendant's Product labeling representations are misleading as set forth above.

61.   Defendant's labeling representations for the Product are by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code §17500 et seq. The representations were likely to deceive reasonable consumers.

62.   In making and disseminating the deceptive representations alleged herein, Defendant knew or should have known that the representations were misleading, and acted in violation of California's Bus. & Prof. Code §17500 et seq.

63.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and the Class Members have suffered substantial monetary and non-monetary damage.

64.   Pursuant to Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and members of the general public, seeks an order of this Court requiring Defendant to restore to consumers of the Product all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful acts or practices.

65.   As a result of Defendant's violations of the FAL, Plaintiff and the

Class members are entitled to restitution for out-of-pocket expenses and economic harm.

66.    Pursuant to Civil Code § 3287(a), Plaintiff and members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

67.    The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and members of the Class are entitled to interest in an amount according to proof.

## VIII. THIRD CAUSE OF ACTION:
## BREACH OF EXPRESS WARRANTY

68.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

69.    Plaintiff, and each member of the Class, formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased the Product.

70.    The terms of that contract include the promises and affirmations of fact made by Defendant on its Product labels and in the marketing of the Product as described above.

71.    These promises and affirmations of fact constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

72.    All conditions precedent to Defendant's liability under this contract, including notice, have been performed by Plaintiff and the Class.

73.    Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by failing to provide a product with the promised benefits described above.

74.    As a result of Defendant's breach of its contract and warranties,

Plaintiff and the Class have been damaged in the amount of the purchase price of the Product at issue.

## IX. FOURTH CAUSE OF ACTION:
## FOR VIOLATIONS OF THE CLRA

75.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

76.     This cause of action is brought pursuant to the CLRA.

77.     Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code §1761(d).

78.     The purchases of the Product by Plaintiff and each member of the Class were and are "transactions" within the meaning of Civil Code §1761(e).

79.     Defendant's marketing, labeling and sales of the Product within California, as alleged herein, violated the CLRA in at least the following respects as set forth in detail above:

    (a)  In violation of Civil Code §1770(a)(5), Defendant represented that the Product has characteristics, ingredients, uses, and benefits which it does not have;

    (b)  In violation of Civil Code §1770(a)(7), Defendant represented that the Product is of a particular standard, quality, or grade, which it is not; and

    (c)  In violation of Civil Code §1770(a)(9), Defendant advertised the Product with an intent not to sell the Product as advertised.

80.     Plaintiff seeks and is entitled to equitable relief in the form of an order:

    (a)  Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described above; and

(c)   Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described above.

81.   Plaintiff, by and through counsel, is notifying Defendant in writing of the particular violations of Section 1770 of the CLRA, and is demanding that it take certain corrective actions within the period prescribed by the CLRA for such demands.

82.   In the event that Defendant fails to adequately respond to the demands for corrective action within the time prescribed by the CLRA, Plaintiff intends to amend this pleading to request statutory and actual damages, as well as punitive damages, interest and attorneys' fees as authorized by Section 1780(a) of the CLRA.

83.   Regardless of an award of damages, however, Plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order for the equitable relief described above, as well as costs, attorney's fees and any other relief which the Court deems proper.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for a judgment:

A.   Certifying the Class as requested herein;

B.   Awarding restitution to Plaintiff and Class members restoring all monies acquired by Defendant through any act or practice found to have been in violation of the UCL, FAL and/or CLRA, as well as pre-judgment interest thereon;

C.   Awarding to Plaintiff and Class members disgorgement of all ill-gotten gains acquired by Defendant through any act or practice found to have been in violation of the CLRA;

D.   Awarding damages to Plaintiff and Class members for Defendant's breach of express warranties;

E.     Awarding attorneys' fees and costs; and

F.     Providing such further relief as may be just and proper.

## XI. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

HEWELL LAW FIRM


Dated: September 21, 2010        By: _____
                                      (VIA FAX/ELECTRONIC TRANSMISSION)

                                 Harold M. Hewell

                                 Howard W. Rubinstein (Fla. SBN: 104108)
                                 *howardr@pdq.net*
                                 Attorney at Law
                                 P.O. Box 4839
                                 Aspen, Colorado 81612
                                 (832) 715-2788 · (561) 688-0630 (f)
                                 *(To apply for admission pro hac vice)*

                                 *Attorneys for Plaintiff*

1

2

## **EXHIBIT**

3

4

| Exhibit | Description | Pages |
|---------|-------------|-------|
| "A" | Special Verdict Form No. 1: Liability, from the Pom Case, retrieved from PACER on September 21, 2010 (https://ecf.cacd.uscourts.gov/doc1/031110874555). | 20-22 |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "A"

```
                                              ┌─────────────────────────────┐
                                              │            FILED            │
1                                             │ CLERK, U.S. DISTRICT COURT  │
                                              │                             │
2                                             │        SEP 1 3 2010         │
                                              │                             │
3                                             │                             │
                                              │ CENTRAL DISTRICT OF CALIFORNIA │
4                                             │ BY                   DEPUTY │
                                              └─────────────────────────────┘
5

6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11                                      )  CASE NO.  CV 09-567 AHM (AGRx)
     POM WONDERFUL LLC,                 )
12                                      )
                                        )  SPECIAL VERDICT FORM NO. 1:
13                        Plaintiffs,   )  LIABILITY
                                        )
14         v.                           )
                                        )
15   WELCH FOODS, INC.,                 )
                                        )
16                                      )
                          Defendants.   )
17                                      )
```

18  _____

19        We, the jury, in the above-entitled action, find the following unanimous

20  special verdict, on the questions submitted to us concerning liability.

21

22  **Question 1:**  (See Instructions 3A, 3B, 3C, 3D)

23

24        Did Plaintiff prove by a preponderance of the evidence that the name,

25  label, packaging or advertising of Welch's 100% Juice White Grape

26  / / /

27

28  / / /

Pomegranate product was, although literally true, nevertheless deceptive or had a tendency to deceive a substantial number of actual consumers?

Yes: ✗        No: _____

(If "Yes," please proceed to Question No. 2; if "No," please sign and date this form and inform the Court Clerk that you have completed your deliberations.)

**Question 2:**

Did Plaintiff prove by a preponderance of the evidence that Defendant intended the name, label, packaging or advertising to deceive consumers?

Yes: ✗        No: _____

(If "Yes," please skip Question 3 and answer question 4; If "No," please proceed to Question No. 3)

**Question 3:**

Did Plaintiff prove by a preponderance of the evidence that even if Welch Foods did not act with the intent to deceive, a substantial segment of consumers were in fact deceived by the name, packaging or advertising of the White Grape Pomegranate product?

Yes: _____        No: _____

(If "Yes," please proceed to Question No. 4; if "No," please sign and date this form and inform the Court Clerk that you have completed deliberations.)

2

**Question 4:**

Did Plaintiff prove by a preponderance of the evidence that it suffered injury, consisting of lost sales or lessening of goodwill as a result of Defendant's conduct?

Yes: _____          No: X

(If "Yes," please proceed to Question No. 5; if "No," please sign and date this form and inform the Court Clerk that you have completed your deliberations.)

**Question 5:** (See Instruction No. 4)

Did Defendant prove by clear and convincing evidence that Plaintiff engaged in inequitable conduct such that it had "unclean hands"?

Yes: _____          No: _____

(Please sign and date this form and inform the Court Clerk that you have completed your deliberations.)

Dated: 9-13-10 _____          By: _____
                                              Jury Foreperson

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

### SACV10- 1427 JST (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| SEANN P. COURTNEY, individually, and on behalf of all others similarly situated, | WELCH FOODS INC., A COOPERATIVE, a Michigan corporation and agricultural cooperative; and DOES 1 through 10, inclusive, |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Harold M. Hewell, HEWELL LAW FIRM, 105 West F Street, Second Floor, San Diego, California 92101, (619) 235-6854/(888) 298-0177 (f)  Email: hmhewell@hewell-lawfirm.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No      ☑ **MONEY DEMANDED IN COMPLAINT: $** in excess of $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005): California statutory and common law claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty  ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent  ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:  SACV10-1427

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): Pom Wonderful LLC v. Welch Foods, Inc. et al., No. 2:09-cv-00567-AHM-AGR

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Michigan corporation with its headquarters located at 575 Virginia Road, 3 Concord Farms, Concord, Massachusetts 01742. |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved                                                                  .

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _~signature~_      **Date** September 21, 2010

(VIA FAX/ELECTRONIC TRANSMISSION)

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Harold M. Hewell
Email: hmhewell@hewell-lawfirm.com
HEWELL LAW FIRM
105 West F Street, Suite 213
San Diego, California 92101
(619) 235-6854 • (888) 298-0177 (f)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| SEANN P. COURTNEY, individually, and on behalf of all others similarly situated, **PLAINTIFF(S)** <br><br> v. <br><br> WELCH FOODS INC., A COOPERATIVE, a Michigan corporation and agricultural cooperative; and DOES 1 through 10, inclusive, **DEFENDANT(S).** | SACV10-1427-JST (SSx) <br><br> **SUMMONS** |

TO: DEFENDANT(S): WELCH FOODS INC., A COOPERATIVE, a Michigan corporation and agricultural cooperative,

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Harold M. Hewell, Hewell Law Firm , whose address is 105 West F Street, Suite 213, San Diego, California 92101 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 2 1 SEP 2010

By: MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*